UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID ROBERTSON, | § | |
| Plaintiff, | § | |
| versus | § | CIVIL ACTION H-05-0032 |
| JO ANN BARNHART, Commissioner of Social Security, | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that David Robertson is not disabled under the terms of the Social Security Act. It does.

Robertson brought this action for judicial review of the commissioner's final decision denying his claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. The government has moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or

substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.     *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment – physical or mental – that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4.     *Background.*

David Robertson is a 48-year-old man. He completed high school and obtained a commercial driver's license. Robertson has worked as a truck driver, a motel manager, and a salesman. Robertson says that he was disabled from May 15, 2000, through January 24, 2002, and he was unable to work.

Robertson applied for disability benefits, and his application was denied. On appeal, the hearing officer held that Robertson had the capacity to perform sedentary work – work lifting objects less than ten pounds with a combination of walking and sitting – and, therefore, was not qualified disability benefits. 20 CFR § 404.1567, § 404.1520. On review, the appeals council agreed and denied Robertson's application benefits. Robertson challenges the council's decision, claiming that he has a compensable disability and that the hearing officer erred in denying his claim.

5.     *Application.*

The hearing officer determined that because Robertson had the capacity to perform sedentary work, he was not disabled. Substantial evidence exists in the record to support this decision.

Robertson had gastroesophageal reflux. On May 15, 2000, Robertson had surgery to correct the problem. The surgery appeared successful. Several months later,

Robertson complained of difficulty swallowing and vomiting. The symptoms were attributed to irritable bowel syndrome and prostatis. Robertson was given medication. As a result of Robertson's complaints, he had two procedures – dilation of the esophagus and transurethral incision.

Robertson says that the hearing officer erroneously concluded that he could work. He emphasizes that he lives in a small town – Sheridan, Texas – and has limited educated and vocational skills. He says there are few jobs there that accommodate his inability to lift. The fact that Robertson lives in a small town with few jobs is not an issue under the disability benefit guidelines. The law requires that Robertson be able to perform other jobs in the economy. Robertson's also points to a May 12, 2003, opinion by his family doctor, Jorge Duchicela, indicating that Robertson was incapable of performing sedentary work. He omits other notes from Duchicela that show that Robertson was able to lift approximately 30 pounds.

The record reflects that the hearing officer made his finding based on Robertson's age, education, work history, and residual functional capacity. The evidence shows that Robertson's improved condition post-surgery – even with some physical limitations – did not keep him from sedentary work. John Wiley, the Administration's reviewing physician, concluded that Robertson was not suffering from a severe impairment. Notes from Hernan Patino, another of Robertson's physicians, indicate a steady improvement including stable weight, improved energy, and moderate physical activity. Patino also noted that Robertson was helping his wife lift water. Doctor Patino advised his patient to look for a job that did not require "strenuous exercise" on September 18, 2001.

The hearing officer conceded that Robertson was unable to perform the jobs that he had held in the past. The hearing officer found, however that Robertson was still able to perform sedentary work. This is shown by Robertson's resuming work after January 24, 2000. Thus, while Robertson certainly suffered from impairments like vomiting, none of these, nor their combination resulted in an inability to perform sedentary work.

6. *Conclusion.*

The decision of the commissioner denying Robertson's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.

Signed November 8, 2005, at Houston, Texas.

Lynn N. Hughes
United States District Judge